UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12 CV 1598 DDN |
| ) | |
| DECKER TRUCK LINE, INC. and ) | |
| DAVID STEPHENS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motions of defendants Decker Truck Line, Inc. and David Stephens to dismiss and strike. (Docs. 8, 37.) The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 49.) The court heard oral argument on April 18, 2013.

## I.  BACKGROUND

On September 7, 2012, plaintiff Jason Harris commenced this action against defendants Decker Truck Line, Inc. and David Stephens. (Doc. 1.) According to the complaint, the following occurred. Defendant Decker Truck Line is a commercial motor carrier that transports goods throughout the country. (Id. at ¶ 8.) At all times relevant, defendant David Stephens operated a tractor-trailer in the scope of his employment with defendant Decker Truck Line. (Id. at ¶ 9.)

On or about the evening of July 31, 2012, plaintiff Jason Harris drove his vehicle west on Interstate 70 in St. Louis County. (Id. at ¶ 16.) During this time, defendant Stephens suddenly drove his tractor-trailer into the rear of plaintiff's vehicle. (Id. at ¶

17.)  As a result of the collision, plaintiff suffers painful, permanent, and disabling injuries to the back and shoulders and receives necessary medical treatment.  (Id. at ¶¶ 20-21, 26.)

In Count I, plaintiff alleges that defendant Stephens negligently operated his vehicle.  (Id. at ¶¶ 28-38.)  In Count II, plaintiff alleges that defendant Decker Truck Line negligently failed to implement a safety program.  (Id. at ¶¶ 39-55.) In Counts III-VI, plaintiff alleges that defendant Decker Truck Line negligently hired, retained, trained, supervised, and entrusted defendant Stephens.  (Id. at ¶¶ 56-105.)  In Count VII, plaintiff alleges negligence per se against both defendants. In Count VIII, plaintiff seeks compensation for property damage as a result of defendants' negligence.[1]  (Id. at ¶¶ 106-11.)

For all counts, plaintiff seeks more than $75,000 in compensatory damages.  For Counts I-VI, plaintiff seeks punitive damages.

## II.  MOTION TO DISMISS

Defendant Decker Truck Line moves for dismissal of Counts III-VI, arguing that under Missouri law, claims of negligent hiring, entrustment, supervision, and training are duplicitous and cannot be maintained if, under the doctrine of respondeat superior, the principal admits the agency relationship and liability.  Plaintiff responds that such claims are not duplicitous because plaintiff could not otherwise obtain punitive damages from defendant Decker Truck Line.  Defendant Decker Truck Line argues that plaintiff did not properly allege claims for punitive damages.  Plaintiff responds that alleging violations of federal safety regulations sufficiently supports his punitive damages claims. (Docs. 1, 13, 15, 28.)

---

[1] Plaintiff's complaint also labels the property damage claim as Count VII.  (Doc. 1 at 25.)  For clarity, the court refers to this claim as Count VIII.  In plaintiff's response to defendant Stephens' motion, plaintiff indicates his intent to dismiss Count VIII, stating that the property damage has been satisfied.  (Doc. 40 at 2.)

-2-

Defendant Stephens' motion to dismiss Counts III-VI mirrors the arguments presented in Defendant Decker Truck Line's memorandum.  Defendant Stephens further moves to strike punitive damages, arguing that punitive damages in this case are unconstitutional.

### III.  MOTION TO DISMISS STANDARD

Defendants' motions to dismiss invoke Fed. R. Civ. P.  Rule 12(b)(6), because the motions challenge the legal sufficiency of the complaint.  See Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir 2010); Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir. 2001).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  To meet the plausibility standard, the complaint must contain "more than labels and conclusions." Id. at 555.  Rather, the complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

### IV.  DISCUSSION

Defendants' first argument turns on the interpretation of McHaffie By & Through McHaffie v. Bunch, 891 S.W.2d 822 (Mo. 1995).  In McHaffie, the court recognized three theories for the imputed liability of employers for the conduct of employees, including respondeat superior liability, negligent entrustment, and negligent hiring. Id. at 825-26.  The court then adopted the position that, generally, "once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against the employer on any other theory of imputed liability." Id. at 826.  The court reasoned that, because the admission of respondeat superior liability establishes employers' strict liability for employee conduct, additional efforts to establish theories of imputed liability are purposeless, inefficient, and serve only to introduce inflammatory evidence.  Id.  However, the court expressly reserved the question

regarding the use of theories of imputed liability in cases where punitive damages are also alleged against the employer. Id.

Defendant Decker Trucker Line has admitted respondeat superior liability for defendant Stephens' actions and, accordingly, moves for dismissal of plaintiff's theories of imputed liability. (Doc. 7 at ¶ 11.) However, plaintiff argues that, because he seeks punitive damages for his imputed liability claims, dismissal under McHaffie is inappropriate. The Supreme Court of Missouri has not revisited the punitive damages issue. See Kwiatkowski v. Teton Transp., Inc., 2012 WL 1413154, *4 (W.D. Mo. 2012); Jackson v. Myhre, 2007 WL 2302527, *2 (E.D. Mo. 2007). "Decisions from Missouri's intermediate appellate court (the Missouri Court of Appeals) are 'particularly relevant,' and must be followed when they are the best evidence of Missouri law." Bockelman v. MCI Worldcom, Inc., 403 F.3d 528, 531 (8th Cir. 2005).

The Missouri Court of Appeals recently considered the punitive damages issue and determined that "the rule announced in McHaffie does not apply where punitive damages are claimed against the employer." Wilson v. Image Flooring, LLC, 2013 WL 1110878, *5 (Mo. Ct. App. 2013). The court reasoned that:

> The rationale for the Court's holding in McHaffie was that, where vicarious liability was admitted and none of the direct liability theories could prevail in the absence of proof of the employee's negligence, the employer's liability was necessarily fixed by the negligence of the employee. Thus, any additional evidence supporting direct liability claims could serve only to waste time and possibly prejudice the defendants.
>
> The same cannot be said, however, when a claim for punitive damages based upon the direct liability theories is raised. If an employer's hiring, training, supervision, or entrustment practices can be characterized as demonstrating complete indifference or a conscious disregard for the safety of others, then the plaintiff would be required to present additional evidence, above and beyond demonstrating the employee's negligence, to support a claim for punitive damages. Unlike in the McHaffie scenario, this evidence would have a relevant, non-prejudicial purpose.

Id.

Additionally, defendants argue that, even assuming the truth of plaintiff's allegations, plaintiff fails to allege conduct supporting an award of punitive damages. Defendants further argue that plaintiff's punitive damages claim is premature, because no evidence supports the allegations regarding defendant Decker Trucker Line's egregious behavior.

Under Missouri law, punitive damages are available in negligence actions. Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc., 700 S.W.2d 426, 436 (Mo. banc 1985).  For an award of punitive damages in a negligence action, "plaintiff must show (1) defendant knew or should have known, based on the surrounding circumstances that its conduct created a high degree of probability of injury, and (2) defendant showed complete indifference to, or conscious or reckless disregard for, the safety of others." Litchfield By & Through Litchfield v. May Dep't Stores Co., 845 S.W.2d 596, 599 (Mo. Ct. App. 1992).

Plaintiff seeks punitive damages in Counts I-VI of his complaint, and the language of each of these counts substantially mirrors the elements plaintiff must prove for an award and further describes the relevant conduct.  (Doc. 1.)  Specifically, plaintiff alleges that defendant Decker Truck Line violated numerous Federal Motor Carrier Safety Regulations, including:

(1) Regarding Count II – Defendant Decker Truck Line Negligence

>   (a) the duty to require drivers to observe federal regulations, 49 C.F.R. § 390.11;
>
>   (b) the duty to not require or permit drivers with impaired ability to operate commercial motor vehicles, 49 C.F.R. § 392.3;
>
>   (c) the duty not to require or permit a driver to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle in accordance with 49 C.F.R. § 391.11;
>
>   (d) the duty not to "aid, abet, encourage, or require" its employees to violate federal regulations, 49 C.F.R. § 390.13;

(e) the duty to require its employees to submit an application in accordance with 49 C.F.R. § 391.21(b);

(f) the duty to make investigations and inquiries regarding its drivers in accordance with 49 C.F.R. § 391.23;

(g) the duty to obtain the motor vehicle records of its drivers at least once every twelve months, 49 C.F.R. § 391.25;

(h) the duty to require its drivers to provide a list of motor vehicle traffic law and ordinance convictions occurring during the preceding twelve months, 49 C.F.R. § 391.27;

(i) the duty to not allow its employees to drive until successful completion of a road test and issuance of a certificate, 49 C.F.R. § 391.31;

(j) the duty to ensure that its drivers were physically qualified and received examinations in accordance with 49 C.F.R. § 391, Subpart E; and

(k) the duty to inspect, repair, and maintain all motor vehicles under its control and to ensure that the motor vehicles and its parts are in proper operating condition, 49 C.F.R. § 396.3;

(2) Regarding Count III – Negligent Hiring or Retention

(a) the duty to obtain a complete employment application before allowing a person to operate its commercial motor vehicle, 49 C.F.R. § 391.21;

(b) the duty to investigate its drivers' safety performance history with previous employers during the preceding three years, 49 C.F.R. § 391.23(a)(2), (c);

(c) the duty to inquire into its employees' driving record within thirty days of employment, 49 C.F.R. § 391.23(b);

(d) the duty to ensure that its drivers are physically qualified and have valid and current medical examiner's certificates, 49 C.F.R. § 394.41; and

(e) the duty to ensure that its drivers have no current diagnosis of high blood pressure likely to interfere with the ability to operate, 49 C.F.R. § 391.41(b)(6);

(3) Regarding Count IV – Negligent Training

(a) the duty to require and verify that its drivers pass a knowledge and skills test in accordance with 49 C.F.R. §§ 380.109, 380.509;

(b) the duty to train its drivers regarding driver qualification requirements, including "medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications based on various offenses, orders, and loss of driving privileges," 49 C.F.R. § 380.503(a); and

(c) the duty to ensure that its drivers receive a training certificate, 49 C.F.R. § 380.505;

(4) Regarding Count V – Negligent Supervision

(a) the duty to not require or permit drivers with impaired ability to operate commercial motor vehicles, 49 C.F.R. § 392.3;

(b) the duty to inquire into the motor vehicle record of its drivers and properly consider speeding and reckless driving violations, 49 C.F.R. § 391.25;

(c) the duty to ensure that its drivers were physically qualified, 49 C.F.R. §§ 391.41; 391.43;

(d) the duty to maintain a driver qualification file for each of its drivers, 49 C.F.R. 391.51;

(e) the duty to not require or permit its drivers to possess the substances set forth in 49 C.F.R. § 392.4(a); and

(f) the duty to not schedule a run or require or permit scheduled times that would require operation of commercial motor vehicles at speeds greater than those prescribed by law, 49 C.F.R. § 392.6.

(Doc. 1.)

Missouri courts allow evidence of failures to follow motor carrier regulations and industry standards to support awards of punitive damages against commercial motor carriers.  Coon v. Am. Compressed Steel, Inc., 207 S.W.3d 629, 637-39 (Mo. Ct. App. 2006); see Lopez v. Three Rivers Elec. Co-op., Inc., 26 S.W.3d 151, 160 (Mo. 2000); Garrett v. Albright, 2008 WL 795613, *6 (W.D. Mo. 2008).  The court concludes that, assuming the truth of these allegations, plaintiff might be entitled to punitive damages.

To support the argument that plaintiff's claim is premature due to a lack of evidence, defendant relies on Litchfield, which states that insufficient evidence bars an award of punitive damages.  Litchfield, 845 S.W.2d at 599.  However, the Litchfield court applied this rule in the context of a case submitted to the jury, presenting a markedly distinct procedural posture than the instant case.  Id. at 598.  Although the Federal Rules of Civil Procedure govern diversity cases, Roberts v. Francis, 128 F.3d 647, 650 (8th Cir. 1997), even under Missouri law, plaintiff's allegations are sufficient to allow the claim of punitive damages to proceed at this stage of the proceedings.  See Wilson, 2013 WL 1110878 at *6 ("Thus, to invoke the punitive damages exception to the rule in McHaffie, a plaintiff must plead sufficient facts to support a claim for punitive damages.").

Defendant Stephens also asserts that any law allowing punitive damages in this case is unconstitutional.  Specifically, he asserts that the applicable law:

> (1) lacks constitutionally sufficient standards to guide and restrain a jury's discretion in determining whether to award punitive damages and in determining the amount of any punitive award;
>
> (2) unconstitutionally may permit jury consideration of Defendants' net worth;
>
> (3) is void for vagueness in that it fails to afford constitutionally sufficient advance notice as to what conduct will result in punitive sanctions;
>
> (4) lacks constitutionally sufficient standards to be applied by the court in post-verdict review of a punitive award;

(5) lacks constitutionally sufficient standards for appellate review of a punitive award; and

(6) otherwise fails to satisfy the constitutional requirements set forth in, among others, State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003); Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1991); TXO Production Corp. v. Alliance Resources, Inc., 509 U.S. 443 (1993); and BMW of North America, Inc. v. Gore, [517 U.S. 559] (1996).

Defendant's arguments concerning the applicable constitutional standards are premature. Such standards are better applied to jury instructions if the case for punitive damages survives a motion for judgment as a matter of law at the close of plaintiff's case, or applied to fact-finding by the jury. See Pac. Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 7, 19 (1991).

Additionally, defendant argues that the standard of conduct necessary for a punitive damages award is unconstitutionally void for vagueness. A law is not unconstitutionally void for vagueness if it provides "adequate notice of the proscribed conduct" and does not "lend itself to arbitrary enforcement." United States v. Washam, 312 F.3d 926, 929 (8th Cir. 2002). However, defendant does not elaborate on his argument regarding the failure of the applicable standard of conduct to provide adequate notice. Further, Missouri courts frequently apply this standard, and Missouri case law is replete with discussion regarding the requisite nature of conduct. See e.g., Smith v. Brown & Williamson Tobacco Corp., 275 S.W.3d 748, 812-14 (Mo. Ct. App. 2008) Haynam v. Laclede Elec. Co-op., Inc., 889 S.W.2d 148, 150 (Mo. Ct. App. 1994); May v. AOG Holding Corp., 810 S.W.2d 655, 660-63 (Mo. Ct. App. 1991).

Accordingly, defendants' motions are denied.

## V.  CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the motion of defendant Decker Truck Line, Inc. to dismiss (Doc. 8.) is denied.

**IT IS FURTHER ORDERED** that the motion of defendant David Stephens to dismiss and to strike (Doc. 37) is denied.


        /S/   David D. Noce_____
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 24, 2013.